IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CATHLEEN ANNE MACDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01076-JDB-jay |
| | ) | |
| STEPHEN HOPPER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR
VOLUNTARY DISMISSAL OF DEFENDANTS BENJAMIN BURCHAM
AND MELANIE KEY WITHOUT PREJUDICE

Before the Court is the motion of the Plaintiff, Cathleen Anne MacDonald, to voluntarily dismiss Benjamin Burcham and Melanie Key as defendants in this matter pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") 9.) The rule provides in pertinent part that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See Fekieh v. Allstate Fire & Casualty Ins. Co.*, Case No. 1:20-cv-1989, 2021 WL 2400949, at *2 (N.D. Ohio June 11, 2021) ("To dismiss claims against fewer than all defendants in an action, a plaintiff must move to dismiss those claims under [Rule] 21."). Unless the moving party indicates otherwise, a Rule 21 dismissal is without prejudice. *Fin. Res. Fed. Credit Union v. Diebold, Inc.*, Case No. 5:21-CV-00219, 2021 WL 4270077, at *1 (N.D. Ohio Apr. 29, 2021). Here, MacDonald states that dismissal would be without prejudice.

"Typically, the remaining parties should have an opportunity to respond before the Court rules on a motion under Rule 21 . . . because dropping less than the entirety of an action risks prejudice to the other parties." *Id.* at *2 (citing *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018)) (ellipses and internal quotation marks omitted). The

complaint in this matter was filed April 26, 2022, naming six individual defendants, including Burcham and Key.  According to the docket, summonses have been returned executed only as to these two individuals (D.E. 7-8) and no other defendant has appeared.  Plaintiff advises the Court that she was informally notified that these defendants no longer own the property at issue and that they sold the property shortly before the subject incident.  Based on that representation, she agreed to dismiss Burcham and Key with the understanding that they may be brought back into the suit at a later date if the information proves incorrect or if Plaintiff determines there is an otherwise viable cause of action against them.

Considering that this case is in its early stages and that no other defendants have appeared, the Court finds no discernible prejudice to those defendants and that voluntary dismissal of Burcham and Key as defendants is appropriate.  The dismissal is without prejudice.  The motion is GRANTED.

IT IS SO ORDERED this 16th day of May 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE